UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
101 FROST STREET ASSOCIATES, L.P., NEXT
MILLENNIUM REALTY, LLC,

                             Plaintiffs,

       -against-

UNITED STATES DEPARTMENT OF ENERGY, GTE
SYLVANIA INCORPORATED, SYLVANIA ELECTRIC
PRODUCTS INCORPORATED, VISHAY GSI, INC.,
SULZER METCO (US) INC, MARVEX FINISHING &
PROCESSING CORPORATION, ALLARD
INSTRUMENTS CORP., a Division of Applied Fluidics,
Inc., APPLIED FLUIDICS, INC., GULF & WESTERN
MANUFACTURING COMPANY, NAT BASSEN
TEXTILES, INC., PHYSIO CHEM CORP., BRONCO
BALTIMORE, INC., UNICORD, INC. and KLEARTONE
TRANSPARENT PRODUCTS, INC.,

                             Defendants.
------------------------------------------------------------------------X
VISHAY GSI, INC.,

                           Third-Party Plaintiff,

       -against-

UNITED STATES OF AMERICA, BANCROFT
CONSTRUCTION CORP., EDGECOMB CONSTRUCTION
CORP., JERRY SPIEGEL ASSOCIATES, JERRY SPEIGEL,
(by and through Pamela Spiegel Sanders, as executor of the
last wills and testaments and duly authorized administrator of
the states of Emily Spiegel and Jerry Spiegel, and Lise
Spiegel Wilks, as executor of the last wills and testaments and
duly authorized administrator of the estates of Emily Spiegel
and Jerry Spiegel),

                           Third-Party Defendant.
------------------------------------------------------------------------X
GTE OPERATIONS SUPPORT INCORPORATED, GTE
SYLVANIA INCORPORATED, SYLVANIA PRODUCTS,
INC.,

Case No.:  2:17-CV-03585-
JFB-ARL

**AMENDED ANSWER TO
PLAINTIFFS' SECOND
AMENDED COMPLAINT,
AMENDED AFFIRMATIVE
DEFENSES, AMENDED
CROSS-CLAIMS,
COUNTER-CLAIMS AND
ANSWER TO CROSS-
CLAIMS**

Third-Party Plaintiffs,

-against-

THE UNITED STATES OF AMERICA,

Third-Party Defendant.

------------------------------------------------------------------------X

Pursuant to F.R.C.P. 15(a)(1)(A), Defendant, OERLIKON METCO AS SUCCESSOR IN INTEREST TO SULZER METCO (US) INC., by and through its attorneys Bardsley, Benedict + Cholden, LLP, hereby submits this amended pleading, and states the following as and for its Amended Answer to the Second Amended Complaint of Plaintiffs 101 Frost Street Associates, L.P. and Next Millennium Realty, LLC, upon information and belief:

## AS TO THE NATURE OF ACTION

1.      Denies each and every allegation contained in paragraph numbered "1" of plaintiffs' Second Amended Complaint and refers all questions of law to this Honorable Court at the time of trial.

## AS TO JURISDICTION

2.      Denies each and every allegation contained in paragraphs numbered "2" and "3" of plaintiffs' Second Amended Complaint and refers all questions of law to this Honorable Court at the time of trial.

## AS TO INTRODUCTION/FACTUAL ALLEGATIONS

3.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "4," "5," "11," "15," "18," "19," "20," "21," "22" and "23" of plaintiffs' Second Amended Complaint.

-2-

4.      In response to the allegations contained in paragraph "6," "7," "8," and "9", the claims related to the NYSDEC Deep Groundwater Remediation were dismissed by Court Order dated November 24, 2020, and therefore no response is required. To the extent an answer is required, denied.

5.      In response to the allegations contained in paragraph "10," admit upon information and belief, that the NYSDEC filed a cost recovery lawsuit in April 2006 seeking to recover certain costs incurred in responding to releases from and within the NCIA, and that the Complaint speaks for itself. This Answering Defendant denies knowledge or information to form a belief as to the truth of the remaining allegations in paragraph "10" and, on that basis, deny the remaining allegations of paragraph "10" of plaintiffs' Second Amended Complaint.

6.      In response to the allegations contained in paragraph "12," admit that the United States Environmental Protection Agency ("EPA") has listed on the National Priorities List the New Cassel/Hicksville Groundwater Contamination Site. The remaining allegations contained in paragraph "12" are denied.

7.      In response to allegations contained in paragraph "13," admit that the New Cassell/Hicksville Groundwater Contamination Site has thus far been divided into three (3) operable units, EPA OU-1, EPA OU-2 and EPA OU-3. The remaining allegations contained in paragraph "13" are denied.

8.      In response to the allegations contained in paragraph "14,", admit that EPA OU-1 addresses three distinct plumes identified by the EPA as the Eastern, Central, and Western plumes. The remaining allegations contained in paragraph "14" are denied.

9.      In response to the allegations contained in paragraph "16," admit the EPA issued a Unilateral Administrative Order to plaintiffs on March 22, 2018. This Answering Defendant

denies knowledge or information to form a belief as to the truth of the remaining allegations in paragraph "16" and, on that basis, deny the remaining allegations of paragraph "16" of the Second Amended Complaint.

10. In response to the allegations contained in paragraph "17," admit the EPA issued a Unilateral Administrative Order to plaintiffs on June 15, 2018. This Answering Defendant denies knowledge or information to form a belief as to the truth of the remaining allegations in paragraph "17" and, on that basis, deny the remaining allegations of paragraph "17" of the Second Amended Complaint.

11. In response to the allegations contained in paragraph "24," this Answering Defendant denies each and every allegation insofar as they related to this Answering Defendant. This Answering Defendant denies knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph "24" insofar as they relate to other defendants.

## AS TO PARTIES

### A. Plaintiffs

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "25," "26," "27" "28" and "29" of plaintiffs' Second Amended Complaint.

13. Denies each and every allegation contained in paragraphs numbered "30" and "31" of plaintiffs' Second Amended Complaint.

### B. Government Defendants

14. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "32," "33," "34," "35," "36," "37," "38," "39," "'40" and "41" of plaintiffs' Second Amended Complaint.

**C.  Verizon Defendants**

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "42," "43," "44," "45," "46," "47," "48" and "49" of plaintiffs' Second Amended Complaint.

**D.  Vishay Defendants**

16.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "50," "51," "52," "53," "54" and "55" of plaintiffs' Second Amended Complaint.

**E.  Sulzer Metco Defendants**

17.     Admits each and every allegation contained in paragraph numbered "56" of plaintiffs' Complaint.

18.     Denies each and every allegation contained in paragraphs numbered "57," "58," "59," "60" and "61" of plaintiffs' Second Amended Complaint.

**F.  Tenant Defendants**

19.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs numbered "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "75," "76," "77," "78," "79," "80," "81" and "82" of plaintiffs' Second Amended Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

**CERLCA Contribution Under Section 9613(f)**

20.     In response to paragraph "83," this Answering Defendant repeats, reiterates and realleges all of its foregoing answers to plaintiff's allegations incorporated by reference as if fully set forth herein.

**A.  The Sites are Facilities Under CERCLA**

21.    In response to paragraph "84," this Answering Defendant denies knowledge or information as to the truth of the allegations set forth in paragraph "84" of plaintiffs' Second Amended Complaint.

22.    In response to paragraphs "85" and "86", this Answering Defendant denies each and every allegation of plaintiff's Second Amended Complaint.

**B.  Hazardous Substances have been Released at the Facilities**

23.    Denies each and every allegation contained in paragraphs numbered "87," "88," "89," "90" and "91" of plaintiffs' Second Amended Complaint. This Answering Defendant denies knowledge or information to form a belief as to the truth of the allegations insofar as they relate to other parties.

**C.  Defendants are Responsible Parties Under Section 9607(a)(2)**

24.    Denies each and every allegation contained in paragraphs "92" and "93" of plaintiff's Second Amended Complaint.  This Answering Defendant denies knowledge or information to form a belief as to the truth of the allegations insofar as they relate to other parties.

**D.  Plaintiffs Have Incurred Response Costs**

25.    Denies each and every allegation contained in paragraph "94" of plaintiff's Second Amended Complaint.

**E.  The Response Costs Conform to the National Contingency Plan**

26.     Denies each and every allegation contained in paragraphs "95," "96" and "97" of plaintiff's Second Amended Complaint and refers all questions of law to this Honorable Court at the time of trial.

## SECOND CAUSE OF ACTION

## CERCLA CONTRIBUTION UNDER SECTION 9607

27.     This Answering Defendant repeats, reiterates and re-alleges each and every prior response to paragraphs numbered "1" through "97" of the plaintiffs' Second Amended Complaint by way of its response to paragraph numbered "98" with the same force and effect as if set forth more fully herein.

28.     Denies each and every allegation contained in paragraph numbered "99" of plaintiffs' Second Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of plaintiffs' Second Amended Complaint and leaves plaintiffs to their proofs.  This Answering Defendant refers all questions of law to this Honorable Court at the time of trial

30.     Denies each and every allegation contained in paragraphs "101" and "102" and refers all questions of law to this Honorable Court at the time of trial.

## THIRD CAUSE OF ACTION

## DECLARATORY JUDGMENT PURSUANT
## TO CERCLA SECTIONS 9607(a)(4)(B) AND 9613(g)(2)

31.     This Answering Defendant repeats, reiterates and re-alleges each and every prior response to paragraphs numbered "1" through "102" of the plaintiffs' Second Amended

Complaint by way of its response to paragraph numbered "103" with the same force and effect as if set forth more fully herein.

32.     Denies each and every allegation contained in paragraphs numbered "104," "105" and "108" of plaintiffs' Second Amended Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "106" and "107" of plaintiffs' Second Amended Complaint and leaves plaintiffs to their proofs.

**FOURTH CAUSE OF ACTION**

**COMMON LAW CONTRIBUTION/INDEMNITY**

34.     This Answering Defendant repeats, reiterates and re-alleges each and every prior response to paragraphs numbered "1" through "108" of the plaintiffs' Second Amended Complaint by way of its response to paragraph numbered "109" with the same force and effect as if set forth more fully herein.

35.     Denies each and every allegation contained in paragraphs numbered "110," "111" and "113" of plaintiffs' Second Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of plaintiffs' Second Amended Complaint and leaves plaintiffs to their proofs.

WHEREFORE, OERLIKON METCO AS SUCCESSOR IN INTEREST TO SULZER METCO (US) INC., demands judgment:

A.      Dismissing plaintiffs' Second Amended Complaint against OERLIKON METCO AS SUCCESSOR IN INTEREST TO SULZER METCO (US) INC., with prejudice in its entirety;

B.      Declaring that OERLIKON METCO AS SUCCESSOR IN INTEREST TO SULZER METCO (US) INC., is not responsible for the release or threatened release complained of, or liable for any costs incurred, therefore, by plaintiffs or other persons;

C.      Granting OERLIKON METCO AS SUCCESSOR IN INTEREST TO SULZER METCO (US) INC., reasonable attorneys' fees and costs of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSES

37.     Each claim for relief in plaintiffs' Second Amended Complaint fails to state of claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSES

38.     Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSES

39.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSES

40.     Plaintiffs' claims are barred by the doctrine of assumption of risk.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSES

41.     Plaintiffs' claims are barred in whole or in part by its failure to mitigate its damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSES

42.     Plaintiffs have failed to join parties whose joinder is needed for a just and complete adjudication of this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSES

43.     Plaintiffs and the other First-Party Defendants are responsible for any orphan share.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSES

44.     Plaintiffs' claims are barred in whole or in part by the petroleum exclusion contained in CERCLA section 101(14).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSES

45.     The harm complained of in the Complaint, if such harm exists, is divisible and the damages, if any, may be apportioned among the persons who allegedly caused the harm.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSES

46.     If any hazardous substances attributable to this Answering Defendant were released upon or migrated to the New Cassel Industrial Area, the volume and toxicity of such hazardous substances are <u>de</u> <u>minimis</u> or <u>de</u> <u>micromis</u> as well as posing no threat to public health or the environment.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSES

47.     Any damages or injuries incurred were solely the result of the actions, omissions and/or the negligence of plaintiffs and the other first-party defendants, other third-party defendants and/or other third parties.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSES

48.     The claims asserted in the Second Amended Complaint against this Answering Defendant under the doctrine of joint and several liability are barred or limited because any harm resulting from the release, discharge or dumping of any material by plaintiffs, defendants and/third-parties at the subject sites is divisible from harm resulting from the transportation, releases, discharges or dumping of other materials at the site.  Liability, therefore, is divisible and should be apportioned between or among such other responsible persons or be limited to the divisible portion of the total harm caused by each responsible person.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSES

49.     No actions of, or attributed to, this Answering Defendant have been or were the cause in fact, but for cause, contributing cause, substantial factor, or proximate cause, of any of the damages alleged in the Second Amended Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSES

50.     To the extent that plaintiffs have a viable claim under CERCLA, plaintiffs are barred from bringing any claims under CERCLA section 107(a) because plaintiffs are potentially responsible parties in EPA OU-1 and EPA OU-3, and though this Answering Defendant denies liability, but if it is found to have liability, it should be limited to its contribution to the alleged problems or hazards alleged herein, taking into account the contributions and negligence of the other parties, including without limitation plaintiffs, third-party plaintiffs, the other first-party defendants and other third-party defendants, who contributed to the alleged problems or hazards and the extent to which plaintiffs incur damages in excess of their several share.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSES

51.     This Answering Defendant denies any liability to plaintiffs, but if it is found liable, then this Answering Defendant avers that plaintiffs failed to mitigate their damages and/or were contributorily or comparatively negligent, and therefore plaintiffs contributed, in whole or in part, to any damage they sustained in relation to the property.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSES

52.     Plaintiffs' damages, if any, were caused by superseding, intervening or proximate causes, acts of third parties and/or ongoing events over which this Answering Defendant had no control.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53.     Attorneys' fees, expert and other witness fees and other litigation costs are not recoverable under CERCLA.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSES

54.     Any costs and damages complained of by plaintiffs were due to their own failure to exercise proper and prudent care.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

55.     Entities other than this Answering Defendant are liable or potentially liable under CERLCA §107(a), 42 U.S.C. §9607(a), for response costs incurred.  In the event that this Answering Defendant is determined to be a responsible party within the meaning of CERLCA §107(a), 42 U.S.C. §9607(a), this Answering Defendant's liability should be proportionate to its contribution to the alleged release or threatened release at the subject sites, taking into account the contribution of plaintiffs, the other defendants, and other persons who contributed to the

release or threatened release at the subject sites and who are not parties herein pursuant to 42 U.S.C. §9613(f)(1) and pursuant to common law principles of contribution and indemnity.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

56.     Entities other than this Answering Defendant are liable or potentially liable under CERLCA §107(a), 42 U.S.C. §9607(a), for response costs incurred.  In the event that this Answering Defendant is held responsible for any response costs or other damages alleged in the Second Amended Complaint, this Answering Defendant's liability should be proportionate to its equitable share of the contribution to the alleged release or threatened release at the subject sites, taking into account that percentage of the total volume of materials disposed of at the subject sites contributed by this Answering Defendant, and the nature and toxicity of such materials.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

57.     Plaintiffs are barred from bringing any claims under CERCLA §107(a) because plaintiffs are responsible parties in EPA OU-1 and EPA OU-3, and if plaintiffs' claims in the Second Amended Complaint under CERCLA §107(a) are dismissed, then plaintiffs are barred from bringing any claims under CERLCA §113 because plaintiffs, for purposes of this current litigation, will no longer be liable or potentially liable under CERCLA §107(a).

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

58.     This Answering Defendant is entitled to an offset against any liability for the greater of: (i) any amount actually paid by any person or entity heretofore or hereinafter for any of the costs, damages and expenses alleged in the Second Amended Complaint; (ii) any amount stipulated or otherwise agreed to in any release or covenant not to sue any person or entity for any cost, damages, or expenses alleged in the Second Amended Complaint; or (iii) the equitable share of the liability of any person or entity that heretofore has received or hereinafter receives a

release from liability or covenant not to sue with respect to any of the costs, damages, and expenses alleged in the Second Amended Complaint.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred because they do not confirm to the requirements of CERCLA §107(a), 42 U.S.C. §9607(a), CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1) and/or CERCLA §113 (f)(3)(B), 42 U.S.C. §9613 (f)(3)(B).

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

60. Some or all of the removal or remedial actions allegedly taken by the plaintiffs were neither in accordance nor consistent with the National Contingency Plan, 40 C.P.R. Part 300, and/or other applicable laws or regulations.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

61. Plaintiffs as the owners and/or operators of the subject sites are solely responsible under the provisions of CERCLA §107(a), 42 U.S.C. §9607(a) for any hazardous substance that may have been released or disposed of at the sites.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

62. Plaintiffs' CERLCA claims are barred in whole or in part to the extent that they seek to recover costs, damages, and expenses other than "necessary costs" as that term is defined in CERCLA §107(a), 42 U.S.C. §9607(a).

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred against this Answering Defendant in that this Answering Defendant never used, stored, or otherwise handled any hazardous substances that are alleged to have been released, disposed of, or discharged at the subject site.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

64.     This Answering Defendant is not liable to any party for any acts or omissions undertaken by, or at the direction or sufferance of, any government entity or governmental authority.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

65.     This Answering Defendant is not among the classes of persons liable for removal, response, or remediation costs under CERLCA §107(a). 42 U.S.C. §9607(a).

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

66.     Plaintiffs were contributorily or comparatively negligent and are precluded from recovery on their contribution claims to the extent of such negligence.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

67.     The Second Amended Complaint in this matter fails to set forth with sufficient particularity the nature of the alleged damages, and the response costs suffered by plaintiffs, the date and circumstances in which the damages and response costs were sustained and/or incurred, and the manner in which conduct of this Answering Defendant allegedly caused such damages and response costs.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

68.     Plaintiffs' have no legal or equitable basis for seeking to impose joint and several liability upon this Answering Defendant.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims under CERCLA are barred to the extent that they seek to recover costs, damages, and expenses other than "response costs" as that term is defined in CERCLA §§101(23), (24) and (25), 42 U.S.C. §§9601(23), (24) and (25).

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims for contribution under CERCLA §113(f)(3)(B), 42 U.S.C. §9613(f)(3)(B), are barred because plaintiffs have not resolved their liability to the state of the federal government with regard to the subject sites.

### AS AND FOR THIRTY-FIFTH AFFIRMATIVE DEFENSE

71.     Plaintiffs' claims for contribution under CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1), are barred because plaintiffs are not subject to a civil action under 42 U.S.C. §9606 or §9607(a) for contamination found at the subject sites.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

72.     This Answering Defendant incorporates by reference any and all affirmative defenses which are asserted by other parties to this action.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

73.     This Answering Defendant incorporates any and all affirmative defenses allowed by statute, rule, or regulation.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

74.     This Answering Defendant reserves the right to assert additional affirmative defenses which may arise during the course of litigation.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFFS
### (Contribution under CERCLA)

75.     This Answering Defendant subject to and without waiving its Answer, Defenses, and Cross-Claims, incorporates its Amended Answer, Amended Affirmative Defenses and Amended Cross-Claims herein and assert Counterclaims against plaintiffs Next Millennium Realty, LLC and 101 Frost Street Associates LP.

76.     This Court has subject matter jurisdiction over the Counterclaims pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. §§ 1331 and 1367, and Federal Rule of Civil Procedure 13.

77.     Plaintiffs have filed the within action against this Answering Defendant and others seeking damages and other relief resulting from alleged contamination of soil, shallow groundwater (i.e. groundwater to a depth of 165 feet below ground surface ("bgs")) and deep groundwater (i.e., groundwater deeper than 165 bgs) at the Frost Street Sites, as well as for shallow and deep groundwater contamination in an area known as EPA OU-1, which is south of and immediately downgradient to the Frost Street Sites, and for an area of contamination known as EPA OU-3 (referred to by Plaintiffs as the "Far-Field Area"), which is south of and immediately downgradient to EPA OU-1, as set forth in the Second Amended Complaint.

78.     At all times relevant hereto, plaintiffs themselves or through their agents, predecessors, parents, subsidiaries, servants, employees, or dealers, owned or operated and/or assumed full liability for the prior ownership or operation of, one or more facilities within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), at the Frost Street Sites.

79.     At all relevant times hereto, plaintiffs themselves or through their agents, predecessors, parents, subsidiaries, servants, employees, or dealers, owned, had control over the operation and management and/or assumed full liability for the prior operation and management of, such facilities. As such, plaintiffs are responsible parties within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

80.     Plaintiffs allege that the actions of this Answering Defendant "contributed to and caused" the contamination of the soils and groundwater at the Frost Street Sites, the General Instruments Site, and at EPA OU-1 and EPA OU-3 Far Field Area, and thereby caused plaintiffs to suffer damages and incur past and future costs and expenses.

81.     This Answering Defendant denies that it committed or was engaged in any negligent, careless or reckless conduct, denies that it breached any duty to plaintiffs, denies that it exercised any control over or involvement in the operations at the Frost Street Sites, or had any responsibility therefor, denies that it was ever in any way responsible for any generation, release, discharge or transportation of any hazardous substance at or to the Frost Street Sites, EPA OU-1 or the EPA OU-3 Far Field Area, and denies that it is responsible in any way to plaintiffs for the damages alleged in the Second Amended Complaint.

82.     Plaintiffs had knowledge of and/or acquiesced in contaminating the soil and groundwater at the Frost Street Sites, the General Instrument Site, EPA OU-1 and at the EPA OU-3 Far Field Area. Plaintiffs, their predecessors, subsidiaries, parents, agents, servants, or employees, and/or parties for which plaintiffs have assumed liability, failed to exercise due care with regard to the storage, handling and disposal of hazardous substances and are responsible for the contamination of those sites, EPA OU-1 and the EPA OU-3 Far Field Area.

83.     If plaintiffs nonetheless recover a money judgment for their alleged damages against this Answering Defendant, this Answering Defendant demands contribution from the plaintiffs in an amount equal to plaintiffs' equitable share of any recoverable response costs and damages in accordance with CERCLA § 113 (f)(1), 42 U.S.C. § 9613(f)(1).

### AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFFS
**(Indemnification)**

84.     This Answering Defendant repeats and realleges each and every allegation set forth in paragraphs 75-83 as if fully set forth herein.

85.     If there is a finding of liability on the part of this Answering Defendant for the damages alleged in the Second Amended Complaint, such liability would only be passive, secondary, constructive or imputed in nature, and would have been brought about solely by

-18-

reason of the primary and active negligent acts and conduct of plaintiffs, their predecessors, subsidiaries, parents, agents, servants or employees, and/or of parties for which plaintiffs have assumed full liability, thereby entitling this Answering Defendant to indemnification by law, statute, contract or otherwise for any expense, liability or damage it may incur as a result of the claims asserted by plaintiffs.

## AS AND FOR A THIRD COUNTERCLAIM AGAINST PLAINTIFFS
**(Declaratory Judgment Pursuant to CERCLA §§ 107(a)(4)(B) and 113(g)(2), 42 U.S.C. §§ 9607(a)(4)(B) and 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.)**

86.     This Answering Defendant repeats and realleges each and every allegation set forth in paragraphs 75-85 as if fully set forth herein.

87.     A dispute has arisen, and an actual controversy exists between this Answering Defendant and Plaintiffs as to their respective rights and liability with respect to compensable response costs allegedly incurred or to be incurred by plaintiffs or any other party in connection with this litigation and the EPA Site, including EPA OU-1 and the EPA OU-3 Far field areas.

88.     A judicial determination of the respective rights, duties and liabilities of this Answering Defendant and plaintiffs is necessary and appropriate at this time in order that this Answering Defendant may ascertain its rights against plaintiffs.

89.     Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, this Answering Defendant is entitled to a declaration from this Court. Such a declaration would avoid the potential for a multiplicity of actions and effectuate a just and speedy resolution of the issues and liabilities.

90.     This Answering Defendant further requests that the Court, after entering the declaratory judgment prayed for herein, retain jurisdiction over this action to grant this

Answering Defendant such further relief against plaintiffs as is necessary and proper to effectuate the Court's jurisdiction.

## CROSS-CLAIMS

### AS AND FOR A CROSS-CLAIM AGAINST ALL CO-DEFENDANTS
### (Contribution under CERCLA)

91.     This Answering Defendant repeats and realleges each and every answer and allegation set forth above in their Amended Answer, Amended Affirmative Defenses, and Counter-Claims, as if fully set forth herein.

92.     While denying liability to plaintiffs for the damages alleged, if the plaintiffs sustained damages in the manner alleged, in whole or in part, in the Second Amended Complaint, such damages were caused, in whole or in part, by reason of the negligent acts and/or other culpable conduct of the co-defendants named in the Second Amended Complaint and of third parties who are not parties to this action, with no negligence or culpable conduct on the part of this Answering Defendant, thereby entitling this Answering Defendant to contribution for any expense, liability or damage it may incur as a result of the claims asserted by plaintiffs.

93.     Because the amounts sought by plaintiffs represent recovery of 100% of the costs related to releases or threatened releases of hazardous substances from EPA OU-1 and EPA OU-3 Far Filed areas, this Answering Defendant, if determined by this Court to be liable for such costs, will pay more than its fair share of the costs. In the event that this Answering Defendant is adjudged liable to plaintiffs or any other party for these amounts, this Answering Defendant demands contribution from each and every co-defendant and/or Third-Party Defendant named, and/or to be named, equal to their equitable share of any recoverable response costs and damages in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS OTHER THAN THE USDOE
### (Indemnification)

94.     This Answering Defendant repeats and realleges each and every answer and allegation set forth above in its Amended Answer, Amended Affirmative Defenses, Counterclaims, and Amended Cross-Claims as if fully set forth herein

95.     While denying liability to plaintiffs for any damages alleged, if the plaintiffs sustained damages in the manner alleged, in whole or in part, in the Second Amended Complaint, such damages were caused by reason the negligent acts and/or other culpable conduct of the co-defendants named in the Second Amended Complaint, and of third parties who are not parties to this action, with no negligence or culpable conduct on the part of this Answering Defendant, thereby entitling this Answering Defendant to indemnification for any expense, liability or damage it may incur as a result of the claims asserted by plaintiffs.

## AS AND FOR A CROSS-CLAIM AGAINST ALL CO-DEFENDANTS
### (Declaratory Judgment Pursuant to CERCLA §§ 107(a)(4)(B) and 113(g)(2), 42 U.S.C. §§ 9607(a)(4)(B) and 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.)

96.     This Answering Defendant repeats and realleges each and every answer and allegation set forth above in its Amended Answer, Amended Affirmative Defenses, Counterclaims, and Amended Cross-Claims as if fully set forth herein.

97.     There is a present and actual controversy between this Answering Defendant and each co-defendant concerning their respective rights and obligations with respect to the costs of response and contribution claims associated with EPA OU-1 and EPA OU-3 Far Field areas.

98.   This Answering Defendant is entitled to a declaratory judgment under CERCLA §§ 107(a)(4)(B) and 113(g)(2), 42 U.S.C. §§ 9607(a)(4)(B) and 9613(g)(2), and the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202, against each and every co-defendant, declaring that such

co-defendants are and shall be liable to this Answering Defendant for any response costs and for contribution claims that are necessary and consistent with the NCP arising from the release or threatened release of hazardous substances from EPA OU-1 and EPA OU-3 Far Field areas.

### AS AND FOR VGSI'S ANSWER TO ALL CROSS-CLAIMS

99.     This Answering Defendant by way of answer to each and every Cross-Claim which is or shall be made against it in the within action, denies each and every allegation set forth therein.

### SEPARATE CROSS-CLAIM DEFENSES

### FIRST DEFENSE

100.     The Cross-Claims fail to state any claims upon which relief can be granted.

### SECOND DEFENSE

101.     To the extent that this Answering Defendant is found to have any liability, any Cross-Claims for contribution by co-defendants are barred because co-defendants are themselves liable parties under CERCLA § 107 (a), 42 U.S.C. § 9607(a), and there is no implied right of contribution under CERCLA.

### THIRD DEFENSE

102.     this Answering Defendant hereby incorporates, as defenses to the Cross-Claims, the defenses set forth in paragraphs 37-74 herein.

WHEREFORE, this Answering Defendant demands judgment,

a. dismissing Plaintiffs' Second Amended Complaint with prejudice as against it;

b. on the first counterclaim, a declaration holding that plaintiffs are obligated to reimburse this Answering Defendant for the costs it has and/or will incur as a result of this action in an amount equal to plaintiffs' equitable share of any recoverable response costs and damages,

and ordering and directing that plaintiffs reimburse this Answering Defendant for such past and future costs;

c. on the second counterclaim, a declaration holding that plaintiffs are obligated to indemnify this Answering Defendant for the costs it has and/or will incur as a result of this action, and ordering and directing that plaintiffs reimburse this Answering Defendant for such past and future costs;

d. on the third counterclaim for declaratory judgment a holding that plaintiffs are obligated to reimburse this Answering Defendant in any subsequent action or actions for future response costs;

e. on the first Cross-Claim against all co-defendants, a declaration holding that each and every co-defendant adjudged liable under the Second Amended Complaint is obligated to reimburse this Answering Defendant for the costs it has and/or will incur as a result of this action in an amount equal to each such co-defendant's and third-party defendant's equitable share of any recoverable response costs and damages, and ordering and directing that each such co-defendants and third-party defendants reimburse this Answering Defendant for such past and future costs;

f. on the second Cross-Claim against all co-defendants except USDOE a declaration holding that each and every co-defendant and./or third-party defendant, adjudged liable under the Second Amended Complaint is obligated to indemnify this Answering Defendant for the costs it has and/or will incur as a result of this action, and ordering and directing that each such co-defendant reimburse this Answering Defendant for such past and future costs;

g. on the third Cross-Claim against all co-defendants for declaratory judgment a holding

that co-defendants are obligated to reimburse this Answering Defendant in any

subsequent action or actions for future response costs

h. for attorneys' fees;

i. for statutory costs and disbursements; and

j. for such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         January 4, 2021

Yours, etc.,
Bardsley, Benedict + Cholden, LLP

*Richard E. Leff*

_____

Richard E. Leff (RL 2123)
Attorneys for Defendant
OERLIKON METCO AS SUCCESSOR IN
INTEREST TO SULZER METCO (US) INC.
120 Broadway, Suite 220
New York, New York 10271
(917) 449-0702
File No.:  4218-0001

TO:   Kevin Maldonado and Partners, LLC
      Attorneys for Plaintiffs
      101 Frost Street Associates, L.P. and
      Next Millennium Realty, LLC
      5 Hickory Hill Road
      Windham, New York 12496
      (518) 727-8149

      Askin & Hooker, LLC
      Attorneys for Defendant
      Vishay GSI, Inc.
      200 Woodport Road, Suite A
      Sparta, New Jersey, 07871
      (973) 729-7711

      Morgan, Lewis & Brokius, LLP
      Attorneys for Sylvania Defendants
      101 Park Avenue

New York, New York 10078
(212) 309-6000

## <u>CERTIFICATE OF SERVICE</u>

I, Richard E. Leff, certify that on January 4, 2021, caused a true and correct copy of the foregoing Amended Answer thereto being filed with the Court, to be served on the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this case.

*Richard E. Leff*
_____
Richard E. Leff
